| | | | |
|---|---|---|---|
| AUSA: | Douglas C. Salzenstein | Telephone: | (313) 226-9100 |
| Special Agent: | Erika Fabbro | Telephone: | (313) 965-2323 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
  v.
John Charles Robinson

Case No.

Case: 2:25−mj−30366
Assigned To : Unassigned
Assign. Date : 6/6/2025
Description: CMP USA V.
ROBINSON (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 5, 2025_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 844(e) | Use of a cellphone to threaten/maliciously convey false information concerning an attempt or alleged attempt to damage/destroy an airplane by means of an explosive. |
| 18 U.S.C. § 1038(a)(1) | False information/hoaxes |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Erika Fabbro, Special Agent (FBI)
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ____June 6, 2025____

City and state:  Detroit, Michigan

_____
*Judge's signature*

Hon. Kimberly Altman, United States Magistrate Judge
_____
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Erika Fabbro, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI)

and have been employed since April of 2021. I am assigned to the FBI Detroit

Joint Terrorism Task Force as part of the Counter Terrorism (CT)-4 Squad. CT-4 is

responsible for investigating Domestic Terrorism cases, as well as threat to life

matters and threat assessments. As part of my duties, I serve as an Airport Liaison

at Detroit Metro Airport. In this role I have investigated federal violations

involving special jurisdiction crimes to include assault and sexual assault on board

an aircraft, and threats to the airport and various aircraft.

2.      As a federal agent, I am authorized to investigate violations of laws of

the United States, and as a law enforcement officer I am authorized to execute

warrants issued under the authority of the United States. The statements contained

in this affidavit are based on my experience and background as a special agent and

on information provided by police officers, task force officers, other agents of the

FBI and other law-enforcement officers. I have not set forth every fact resulting

from the investigation; rather I have set forth a summary of the investigation to

date. Based on the facts contained below, there is probable cause to believe that on

June 5, 2025, within the Eastern District of Michigan, JOHN CHARLES

ROBINSON:

    a.  through the use of the telephone maliciously conveyed false information

        knowing the same to be false, concerning an attempt or alleged attempt

        to unlawfully damage or destroy any building, vehicle, or other real or

        personal property by means of a fire or an explosive, in violation of 18

        U.S.C. § 844(e); and

    b.  did engage in conduct with the intent to convey false or misleading

        information under circumstances where such information may

        reasonably be believed and where such information indicates that an

        activity has taken, is taking, or will take place that would constitute a

        violation of chapter 2 of Title 18 of the Unites States Code, that is, Title

        18, U.S.C Section 32(a)(2), relating to the destruction of aircraft or

        aircraft facilities, in violation of 18 U.S.C. § 1038(a)(1).

    3.     On June 5, 2025, at approximately 6:25am, an individual later

identified as ROBINSON, using mobile cellular telephone number (323) XXX-

8097 (TARGET CELLULAR DEVICE), called into Spirit Airlines at phone

number (855) 728-3555 and stated, in part, "I was calling about flight 2145…

because I have information about that flight," and "there's gonna be someone

who's gonna try to blow up the airport," and "there's gonna be someone that's

gonna try to blow up that flight, 2145." After giving a description of an individual, he then stated: "they're going to be carrying a bomb through the TSA," and, "they're still threatening to do it, they're still attempting to do it, they said it's not going to be able to be detected. Please don't let that flight board." The phone call was audio recorded.

4.    The bomb threat made by ROBINSON was reported to law enforcement, who responded to the gate where Spirit Airlines flight 2145 was set to depart (the doors to the plane had, at this point, been closed by the flight crew). After the flight's passengers and crew were deplaned, bomb sniffing dogs and the FBI SABTs (Special Agent Bomb Tech) were deployed to sweep the airplane. Passengers went through additional screening, and several passengers were interviewed by the FBI and the WCAAPD (Wayne County Airport Police Department). No bombs were located on the airplane or in any luggage.

5.    The flight was subsequently delayed, the crew had to be replaced, and the aircraft later departed at 1:09pm after an original departure time of 7:00am. Responding to the incident also required substantial resources from the WCAAPD, the FBI, the Federal Air Marshals Service, TSA, and Spirit Airlines.

6.    While the plane was being examined and the passengers screened, an emergency disclosure request was submitted to Charter Communications for the TARGET CELLULAR DEVICE. Charter Communications advised that the

subscriber for the phone number was ROBINSON with an address in Lynwood,

CA. Law enforcement also learned that ROBINSON was booked on Spirit Airlines

Flight NK2145, scheduled to depart at 7:00am from DTW to LAX, but missed the

flight and was told at the gate that he needed to rebook. He was rebooked on flight

NK2147 scheduled to depart from DTW to LAX on June 5, 2025 at 6:28pm.

7.      Location information also showed the TARGET CELLULAR

DEVICE in Monroe, Michigan near ROBINSON's Michigan residence (exact

address known to law enforcement).

8.      When law enforcement approached ROBINSON in the terminal after

he subsequently arrived for flight NK2147 (at approximately 6:18pm),

ROBINSON initially denied making any phone calls to Spirit Airlines.

ROBINSON, however, gave verbal consent to search his cellular device. Law

enforcement observed a phone call to Spirit at above phone number in the recent

call log of ROBINSON'S cellphone.  The call occurred at 6:21am and had a

duration time of 16 minutes. When presented with this information, ROBINSON

admitted to making the call to Spirit Airlines, to include statements about a bomb

blowing up the airport and his scheduled flight. ROBINSON stated that he made

the call with the hope that it would delay the flight long enough for him to make it

in time so he would not have to take a different flight. ROBINSON also indicated

that he was at his Michigan residence on June 5, 2025 between his visits to Detroit Metro Airport.

9.      I was present at the airport when ROBINSON provided this information. I had also listened to the audio recording of the bomb threat and believed that the voice on the recording matched the voice of ROBINSON in person.

10.      Based on the above evidence, I, along with other officers, effected a probable cause arrest of ROBINSON in the terminal on June 5, 2025 at approximately 6:30pm.

11.      After taking ROBINSON into custody and transporting him to the WCAAPD, affiant and others spoke to ROBINSON in a post-*Miranda* interview. ROBINSON listened to the above-mentioned recording and confirmed he was the one that made the recorded phone call to Spirit Airlines. ROBINSON also stated that the phone number that called the bomb threat in to Spirit Airlines was his phone number (and had been for approximately 6 years), that the TARGET CELLUAR DEVICE was his device, and he gave written consent for a search of his device.

12.      ROBINSON's boarding pass for NK2147 departing DTW to LAX at 6:28pm on June 5, 2025 was identified on the TARGET CELLULAR DEVICE.

13.     Based on my training and experience and the information set forth above, there is probable cause to believe that ROBINSON violated 18 U.S.C. Section 844(e) and 18 U.S.C. § 1038(a)(1). Accordingly, I respectfully request that the Court issue a criminal complaint and arrest warrant for ROBINSON.

Respectfully submitted,

_____
ERIKA FABBRO, SPECIAL AGENT
Federal Bureau of Investigation

Sworn to before me in my presence and/or
by reliable electronic means.

_____
HON. KIMBERLY G. ALTMAN
United States Magistrate Judge

June 6, 2025